IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-87-BO

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, Plaintiff, | ) ) ) ) | |
| v. | ) ) | O R D E R |
| CONNIE NOBLES, individually, and as Parent and appointed Guardian Ad Litem for XXXXX, a minor, and as Parent and appointed Guardian Ad Litem for XXXXXX, a minor, Defendants. | ) ) ) ) ) ) ) | |

This cause comes before the Court on defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has responded and the time for filing a reply has expired. In this posture, the matter is ripe for ruling. For the reasons that follow, the motion to dismiss is denied.

## BACKGROUND

This is a declaratory judgment action filed pursuant to 28 U.S.C. § 2201. Plaintiff, Nationwide, seeks a declaration of the total amount of underinsured motorist (UIM) coverage available to all parties seeking such coverage pursuant to the personal auto policy, numbered 6132M 292696, issued to Deborah N. Walters, with the policy period September 8, 2016 – January 15, 2017. Nationwide filed this suit following the initiation of a personal injury action filed by defendants in Columbus County, North Carolina captioned *Nobles v. Pantaleon*, 19 CVS 1367 (underlying suit). In the underlying suit, it is alleged that on December 5, 2016, near Tabor City, North Carolina, a motor vehicle operated by Pantaleon struck a vehicle operated by Deborah Walters in which the two minor defendants in this action, E.G. and T.H., were

passengers. Deborah Walters was killed in the accident and the underlying suit alleges that personal injuries also resulted to the minor defendants.

Defendant Pantaleon in the underlying action was insured by National General Insurance Company (National General) by a policy with liability limits of $30,000 per person and $60,000 per accident. National General has tendered $30,000 to the estate of Deborah Walters and $30,000 to the minor defendants. The decedent Deborah Walters is the named insured on an auto liability policy issued by Nationwide with UIM limits of $50,000 per person and $100,000 per accident. Defendants in this action have in a letter to Nationwide dated September 3, 3019, asserted a claim for the full per accident limit of $100,000. Specifically, defendants contend that minor E.G. is entitled to $85,000 and minor T.H. is entitled to $15,000. Nationwide now seeks a declaration that it is entitled to a set-off against its $100,000 per accident UIM limits in the amount of the liability carrier's $60,000 per accident limit.

## DISCUSSION

Defendants have moved to dismiss Nationwide's complaint for lack of subject matter jurisdiction. Defendants contend that the complaint fails to allege complete diversity of citizenship and that the complaint demonstrates that the actual amount in controversy is $60,000.

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The

2

movant's motion to dismiss should be granted if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Following the filing of defendants' motion to dismiss, Nationwide filed an amended complaint. Accordingly, the Court applies defendants' arguments to the amended, not the original, complaint to determine if subject matter jurisdiction exists. *Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (amended complaint supersedes original complaint).

Nationwide has alleged that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.[1] A plaintiff sufficiently establishes diversity jurisdiction when the parties are diverse in citizenship and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332; *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008). It is undisputed that defendants are North Carolina residents and citizens for diversity of citizenship purposes. A corporation is a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). The amended complaint alleges that Nationwide is a corporation incorporated in Ohio and that Nationwide maintains its principal place of business in Ohio. Nationwide has established that the parties are diverse for purposes of 28 U.S.C. § 1332.

Defendants contend that the amount in controversy requirement has not been satisfied because the disputed amount is $60,000 based upon Nationwide's request for a set-off. In declaratory judgment actions, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977); *see also Lee v. Citimortgage, Inc.*, 739 F. Supp.

---

[1] The Declaratory Judgement Act does not provide an independent basis for jurisdiction. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960)

3

Case 7:20-cv-00087-BO   Document 17   Filed 10/21/20   Page 3 of 4

2d 940, 945 (E.D. Va. 2010). To determine the value of the object of the litigation, the Fourth Circuit applies the "either party approach," meaning that the potential pecuniary effect of a judgment on either party is properly considered to determine whether the amount in controversy threshold has been satisfied. *Lee*, 739 F. Supp. 2d. at 946; *Pres. Forest LLC v. Nationwide Gen. Ins. Co.*, No. 3:19-CV-00634-DSC, 2020 WL 355065, at *2 (W.D.N.C. Jan. 21, 2020).

If defendants prevail in this suit, the pecuniary effect that such a judgment would have on Nationwide would be $100,000 – the policy limit without a set-off. This satisfies the amount in controversy requirement. *See Gov't Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964). The parties are diverse, the amount in controversy requirement is satisfied, and this Court has subject matter jurisdiction over this action.

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion to dismiss [DE 5] is DENIED.

SO ORDERED, this 21 day of October, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE