IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-87-BO

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY, <br> Plaintiff, <br> v. <br> CONNIE NOBLES, individually, and as Parent and appointed Guardian Ad Litem for XXXXX, a minor, and as Parent and appointed Guardian Ad Litem for XXXXXX, a minor, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | O R D E R |

This cause comes before the Court on plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants have responded, plaintiff has replied, and a hearing on the matter was held before the undersigned on June 8, 2021, at Raleigh, North Carolina. In this posture, the matter is ripe for ruling. For the reasons that follow, the motion for judgment on the pleadings is granted.

BACKGROUND

This is a declaratory judgment action filed pursuant to 28 U.S.C. § 2201. Plaintiff, Nationwide, seeks a declaration of the total amount of underinsured motorist (UIM) coverage available to all parties seeking such coverage pursuant to the personal auto policy, numbered 6132M 292696, issued to Deborah N. Walters, with the policy period September 8, 2016 – January 15, 2017. Nationwide filed this suit following the initiation of a personal injury action filed by defendants in Columbus County, North Carolina captioned *Nobles v. Pantoleon*, 19 CVS 1367 (underlying suit). In the underlying suit, it is alleged that on December 5, 2016, near Tabor

City, North Carolina, a motor vehicle operated by Pantaleon struck a vehicle operated by Deborah Walters in which the two minor defendants in this action, E.G. and T.H., were passengers. Deborah Walters was killed in the accident and the underlying suit alleges that personal injuries also resulted to the minor defendants.

Defendant Pantaleon in the underlying action was insured by National General Insurance Company (National General) by a policy with liability limits of $30,000 per person and $60,000 per accident. National General has tendered $30,000 to the estate of Deborah Walters and $30,000 to the minor defendants. The decedent Deborah Walters is the named insured on an auto liability policy issued by Nationwide with UIM limits of $50,000 per person and $100,000 per accident. Defendants in this action have in a letter to Nationwide dated September 3, 3019, asserted a claim for the full per accident limit of $100,000. Specifically, defendants contend that minor E.G. is entitled to $85,000 and minor T.H. is entitled to $15,000. Nationwide now seeks a declaration that it is entitled to a set-off against its $100,000 per accident UIM limits in the amount of the liability carrier's $60,000 per accident limit.

## DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). It is within a court's discretion whether to consider

matters outside the pleadings if presented, and thereby convert the motion for judgment on the pleadings to one for summary judgment under Rule 56. *A. S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964).

There are no material facts in dispute and plaintiff's claim is properly resolved on a motion for judgment on the pleadings. North Carolina's Motor Vehicle Safety and Financial Responsibility Act of 1953 (Financial Responsibility Act), which the parties agree applies in this case, provides that

> the limit of underinsured motorist coverage applicable to any claim is determined to be the difference between the amount paid to the claimant under the exhausted liability policy or policies and the limit of the underinsured motorist coverage applicable to the motor vehicle involved in the accident.

N.C. Gen. Stat. § 20-279.21(b)(4). Nationwide's policy issued to Ms. Walters also provides that the limits the of bodily injury liability for each accident and each person under the policy to shall be reduced by "all sums [p]aid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." [DE 10 Ex. A. at 46].

That a UIM carrier is entitled to a set-off or a credit for the amount paid by the liability carrier is well-recognized. This is because "UIM coverage is intended to place a policy holder in the *same position* that the policy holder would have been in if the tortfeasor had had liability coverage equal to the amount of the []UIM coverage." *N. Carolina Farm Bureau Mut. Ins. Co. v. Gurley*, 139 N.C. App. 178, 183 (2000) (quoting *Mutual of Enumclaw Ins. Co. v. Key*, 131 Or.App. 130, 883 P.2d 875, 877 (1994)) (emphasis in *Gurley*). To that end, the North Carolina Court of Appeals has "determined the amount of UIM coverage should be calculated using a 'simple one-step formula: subtract the amount of liability coverage received from the maximum UIM limit.'" *Integon Nat'l Ins. Co. v. King*, 251 N.C. App. 370 (2016) (unpublished) (citing *Gurley*, 139 N.C. App. at 183-84). As is the case here, "when the liability policy is exhausted

3

pursuant to the per-accident limit, then the proper calculation of UIM coverage available is obtained by subtracting the per-accident limit of the tortfeasor's liability policy from the per-accident limit of the UIM policy." *Nationwide Mut. Ins. Co. v. Haight*, 152 N.C. App. 137, 142 (2002).

Defendants' argument against application of a set-off to plaintiff's per-accident UIM limit relies on their interpretation of *North Carolina Farm Bureau v. Dana*, 267 N.C. App. 42 (2019), *review allowed,* 375 N.C. 499 (2020). The Court disagrees that *Dana* has any impact on the outcome of this case. In *Dana*, the question presented to the court of appeals was not whether the UIM carrier was entitle to a set-off, but rather was whether the per-person or per-accident cap will be the applicable limit on UIM coverage when there are two claimants seeking coverage under a UIM policy and the negligent driver's policy was exhausted pursuant to the per-accident cap. *Id*. Moreover, the *Dana* court recognized that the parties in that case had agreed that the UIM coverage limit would be reduced by the amount paid by the tortfeasor's liability policy. *Id.* at 43. Indeed, defendants admit in their response to the instant motion that the "two [*Dana*] claimants were entitled to a total of $200,000 of UIM benefits after the offset for the applicable liability coverage."

As defendants correctly argue, "[t]he purpose of this State's compulsory motor vehicle insurance laws, of which the underinsured motorist provisions are a part, was and is the protection of innocent victims who may be injured by financially irresponsible motorists." *Proctor v. N. Carolina Farm Bureau Mut. Ins. Co.*, 324 N.C. 221, 224 (1989). Such a policy does not, however, result in the outcome defendants seek in this case, namely an award of the $100,000 per-accident cap without a set-off. To so hold would be contrary to the Financial Responsibility Act and the policy provisions at issue in this case, and further is not required by

4

the holding in *Dana*. Plaintiff has accordingly demonstrated that it is entitled to a setoff in the amount of $60,000 and entry of judgment on the pleadings in its favor.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 21] is GRANTED. The clerk is DIRECTED to enter judgment and close the case.

SO ORDERED, this 18 day of June, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE